RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 11/29/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JONATHAN NIELSEN** | **CIVIL ACTION NO. 09-1757** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GRAPHIC PACKAGING INTERNATIONAL, INC.** | **MAG. JUDGE MARK HORNSBY** |

## RULING

Pending before the Court are a Motion for Summary Judgment [Doc. No. 24] filed by Defendant Graphic Packaging International, Inc. ("GPI") and a Cross Motion for Partial Summary Judgment [Doc. No. 30] filed by Plaintiff Jonathan Nielsen ("Nielsen"). For the following reasons, GPI's Motion for Summary Judgment is DENIED, and Nielsen's Motion for Partial Summary Judgment is GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged injury to Nielsen while he was working at GPI's facility in Monroe, Louisiana.

In 2004, Nielsen was employed by Clayton Administrative, Inc. ("CAI"), a company that "payrolled" workers for other companies. CAI issued Nielsen his paychecks, paid his worker's compensation insurance premiums, and matched his social security and medicare payments. Konecranes, Inc. ("Konecranes") paid CAI a fee to use Nielsen as a maintenance technician.

GPI is a paper manufacturer. On September 17, 2008, GPI and Konecranes entered into a written contract. [Doc. No. 24-3]. GPI agreed to pay Konecranes $6000 in exchange for Konecranes' agreement to make certain adjustments and repairs to a crane owned by GPI. Section

thirteen of the contract stated:

> If services are to be performed at [GPI's] facilities in . . . Louisiana, it is agreed that pursuant to the provisions of Louisiana Revised Statutes 23:1061(A)(3), that it is the intent and agreement of the parties hereto that the relationship of [GPI] to the direct employees and the statutory employees of [Konecranes] be that of a statutory employer.

On September 23, 2008, Nielsen was allegedly injured while changing out a mechanical load brake at GPI's facility.

On September 18, 2009, Nielsen filed suit against GPI in the Fourth Judicial District Court, Ouachita Parish, Louisiana.

On October 7, 2009, GPI removed the case to this Court based on diversity jurisdiction.

On September 3, 2010, GPI filed a Motion for Summary Judgment [Doc. No. 24] asserting that GPI is immune from tort liability in this suit. Nielsen and the Louisiana Workers Compensation Corporation filed Memoranda in Opposition [Doc. Nos. 26 & 29], and GPI filed a Reply [Doc. No. 33].

On October 7, 2010, Nielson filed a Cross Motion for Partial Summary Judgment [Doc. No. 30]. GPI filed a Memorandum in Opposition [Doc. No. 37], and Nielsen filed a "Supplemental Memorandum" [Doc. No. 40].

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions

of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Tort Immunity

GPI asserts that Nielsen was a borrowed employee of Konecranes pursuant to LA. REV. STAT. § 23:1031(C) or, in the alternative, a statutory employee of Konecranes pursuant to § 23:1061(A)(2). GPI further asserts that Nielsen was a statutory employee of GPI pursuant to § 23:1061(A)(3), and, therefore, GPI is immune from tort liability in this suit. Nielsen asserts the opposite.

"Except for intentional acts, workers' compensation is the exclusive remedy for work-related injuries and illnesses." *Dugan v. Waste Mgmt., Inc.*, 45-407-CA (La. App. 2 Cir. 6/23/10); 41 So.3d 1263, 1266 (citing LA. REV. STAT. § 23:1032). The exclusive remedy provision of the workers' compensation statute precludes an employee from filing a lawsuit for damages against "his employer[] or any principal . . . ." § 23:1032(A). A "principal" is "any person who undertakes to

execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." § 23:1032(A)(2). "In some instances, an employer may be deemed the statutory employer of a worker that it does not directly employ" and is therefore immune from tort liability pursuant to LA. REV. STAT. § 23:1061(A). *Dugan*, 41 So.3d at 1266. Section 23:1061(A) states, in pertinent part:

> (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any 'principal' . . . undertakes to execute any work, which is part of his trade, business, or occupation and contracts with any person, in this Section referred to as the 'contractor,' for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of [§ 23:1032] . . . . [W]here compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer . . . .
>
> (2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
>
> (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

"In sum, there are two bases for finding statutory employment: (1) [pursuant to § 23:1061(A)(2)], being a principal in the middle of two contracts, referred to as the 'two contract

4

theory,' or, (2) [pursuant to § 23:1061(A)(3)], the existence of a written contract recognizing the principal as the statutory employer." *Dugan*, 41 So.3d at 1266-67. "The 'two contract' defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed. *Id.* at 1267 (citations omitted). "Thus, the 'two contract' statutory employer defense contemplates relationships among at least three entities: a general contractor who has been hired by a third party to perform a specific task, a subcontractor hired by that general contractor, and an employee of the subcontractor." *Id.* (citations omitted). There is "no temporal requirement on the 'two contract defense.'" *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 2002-C-1072 (La. 4/9/03); 842 So.2d 373, 381. "Because [§ 23:1061(A)(3)] does not apply to [§ 23:1061(A)(2)], a written contract is neither necessary nor required for the statutory employee relationship to exist in a two-contract situation." *Ernest v. Petroleum Serv. Corp.*, 2002-CA-02482 (La. App. 1 Cir. 11/19/03); 868 So.2d 96, 98 n.5.

One other theory of tort immunity is called the borrowed servant doctrine and is found in § 23:1031(C). *Bankston v. LSU Health Scies. Ctr.*, 2008-1334 (La. App. 3 Cir. 4/1/09); 7 So. 3d 170, 175 (citation omitted). Section 23:1031(C) states, in pertinent part:

> In the case of any employee whose injury or death payments are due and who is . . . employed by a borrowing employer in this Section referred to as a 'special employer', and is under the control and direction of the special employer in the performance of the work, both the special employer and the immediate employer, referred to in this Section as a 'general employer', shall be liable . . . to pay benefits . . . . Where compensation is claimed from, or proceedings are taken against, the special employer, then, in the application of this Chapter, reference to the special employer shall be substituted for reference to the employer . . . . The special and the general employers shall be entitled to the exclusive remedy protections provided in

5

R.S. 23:1032.

In considering whether a borrowed servant relationship exists, courts consider a multitude of factors.[1] *U.S. Fire Ins. Co. v. Miller*, 381 F.3d 385, 388 (5th Cir. 2004).

The Court finds that GPI is not immune from tort liability in this suit.

GPI's first theory of tort immunity depends on whether Konecranes is a statutory employer pursuant to § 23:1061(A)(2).[2] If so, GPI may also be a statutory employer pursuant to § 23:1061(A)(3) because "there is a written contract between the principal [(GPI)] and a contractor [(Konecranes)] which is the employee's [(Nielsen's)] . . . statutory employer, which recognizes the principal [(GPI)] as a statutory employer."

It is undisputed that CAI is Nielsen's "technical[] employe[r]" and that Konecranes is a principal within the meaning of § 23:1032 because it contracted with GPI to replace a mechanical load brake on GPI's crane. [Doc. No. 24-2]. Konecranes also satisfies the first two elements of § 23:1061(A)(2)–"(1) the principal [(Konecranes)] enter[ed] into a contract with a third party [(GPI) and], (2) pursuant to that contract, work must be performed . . . ." *Dugan*, 41 So.3d at 1267 (citation omitted). However, it does not satisfy the third element because GPI does not offer evidence that

---

[1] These factors include: "(1) Who has the right of control over the employee beyond mere suggestion of details or cooperation? (2) Whose work is being performed? (3) Was there an agreement, understanding, or meeting of the minds between the original and the borrowing employer? (4) Did the employee acquiesce in the new work situation? (5) Did the original employer terminate his relationship with the employee? (6) Who furnished the tools and the place of performance? (7) Was the new employment over a considerable length of time? (8) Who had the right to discharge the employee? (9) Who had the obligation to pay the employee? (10) Who selects the employee?" *Miller*, 381 F.3d at 388.

[2] Rightfully, GPI does not assert that Konecranes is a statutory employer pursuant to § 23:1061(A)(3) because there is no "written contract recognizing [Konecranes] as a statutory employer." *Dugan*, 41 So.3d at 1266-67.

6

Konecranes entered into an oral or written contract with CAI for all or part of the work performed.³ *Id.* Therefore, Konecranes is not a statutory employer pursuant to § 23:1061(A)(2).

GPI asserts in its second theory of tort immunity that, because Konecranes is a borrowing employer pursuant to § 23:1031(C), GPI is a statutory employer pursuant to § 23:1061(A)(3). However, even if Konecranes is a borrowing employer pursuant to § 23:1031(C), a statutory employer relationship does not exist between GPI and Nielsen pursuant to § 23:1061(A)(3).

Section 23:1031(C) states that a borrowing employer is also called a special employer and is entitled to the exclusive remedy protections of § 23:1032, but makes no mention of statutory employers, statutory employees, or direct employees as stated in § 23:1061(A)(3). Likewise, § 23:1061(A)(3) makes no mention of borrowing or special employers. Rather, "[t]he terms 'statutory employee' and 'borrowed employee' are distinguishable for workers' compensation purposes," and § 23:1061(A)(3) requires that there be "a written contract between the principal [(GPI)] and a contractor which is the employee's [(Nielsen's)] **immediate employer or his statutory employer** . . . ." *Arabie Bros. Trucking Co. v. Gautreaux*, 2003-CA-0120 (La. App. 1 Cir. 8/4/04); 880 So.2d 932, 940. Furthermore, GPI cites no authority for the proposition that a borrowing or special employer is equivalent to an immediate employer for purposes of § 23:1061(A)(3). Finally, while § 23:1031(C) provides that "[w]here compensation is claimed from, or proceedings are taken against, the special employer, then, in the application of this Chapter, reference to the special employer shall

---

³GPI argues that Konecranes and CAI entered into an oral contract, but fails to provide sufficient evidence of such a contract. Karen Durocher, an accounting manager at CAI, testified that CAI had a "loose agreement" with Konecranes, but no written agreement or contract of any nature. [Doc. No. 26-2, pp. 42-43]. Clearly, if there was an oral contract between Konecranes and CAI, its price or value was in excess of $500. Louisiana Civil Code article 1846 requires that an oral contract with a price or value in excess of $500 be proved "by at least one witness and other corroborating circumstances." GPI has not done so.

be substituted for reference to the employer," there is no evidence that compensation is being claimed from or proceedings are being taken against Konecranes. Because Konecranes is not Nielsen's immediate or statutory employer, a statutory employer relationship does not exist between GPI and Nielsen pursuant to § 23:1061(A)(3), and GPI is not immune from tort liability in this suit.

GPI's Motion for Summary Judgment is DENIED, and Nielsen's Cross Motion for Partial Summary Judgment is GRANTED.

### III.  CONCLUSION

For the foregoing reasons, GPI's Motion for Summary Judgment [Doc. No. 24] is DENIED, and Nielsen's Cross Motion for Partial Summary Judgment [Doc. No. 30] is GRANTED.

MONROE, LOUISIANA, this 29 day of November, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT