RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| JONATHAN NIELSEN | CIVIL ACTION NO. 09-1757 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GRAPHIC PACKAGING INTERNATIONAL, INC. | MAG. JUDGE MARK HORNSBY |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Reconsideration [Doc. No. 43] filed by Defendant Graphic Packaging International, Inc. ("GPI"). For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

On September 3, 2010, GPI filed a Motion for Summary Judgment [Doc. No. 24] asserting that GPI was immune from Plaintiff Jonathan Nielsen's ("Nielsen") claims based on negligence. On October 7, 2010, Nielsen filed a Cross Motion for Partial Summary Judgment [Doc. No. 30] asserting the opposite.

On November 29, 2010, the Court issued a Ruling and Judgment [Doc. Nos. 41 & 42] denying GPI's motion and granting Nielsen's motion. In its Ruling, the Court held, among other things, that Konecranes, Inc. ("Konecranes") did not satisfy the third element of the two contract theory of statutory employment pursuant to LA. REV. STAT. § 23:1061(A)(2) because GPI did not offer evidence that Konecranes entered into a contract with Clayton Administrative, Inc. ("CAI"), Nielsen's immediate employer. Although GPI argued that Konecranes and CAI entered into an oral contract, it failed to provide sufficient evidence of such a contract to survive summary judgment. The Court stated:

Karen Durocher, an accounting manager at CAI, testified that CAI had a "loose agreement" with Konecranes, but no written agreement or contract of any nature. [Doc. No. 26-2, pp. 42-43]. Clearly, if there was an oral contract between Konecranes and CAI, its price or value was in excess of $500. Louisiana Civil Code article 1846 requires that an oral contract with a price or value in excess of $500 be proved 'by at least one witness and other corroborating circumstances.' GPI has not done so.

[Doc. No. 41]. Therefore, the Court found that, because Konecranes was not a statutory employer pursuant to § 23:1061(A)(2), GPI was not a statutory employer pursuant to § 23:1061(A)(3).[1]

On December 1, 2010, GPI filed a Motion for Reconsideration. [Doc. No. 43]. Nielsen filed a Response, and GPI filed a Reply. [Doc. Nos. 45 & 46].

GPI's Motion for Reconsideration is brought pursuant to FED. R. CIV. P. 59(e). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quotation marks and citation omitted). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citation omitted). "Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quotation marks and citation omitted) (modification in original).

GPI argues that it was undisputed that an oral contract existed between Konecranes and CAI or, alternatively, that a genuine issue of material fact exists whether an oral contract existed between Konecranes and CAI.

_____

[1]GPI's theory of tort immunity pertinent to the pending Motion for Reconsideration depended on whether Konecranes was a statutory employer pursuant to § 23:1061(A)(2). If Konecranes was a statutory employer pursuant to § 23:1061(A)(2), then GPI was a statutory employer pursuant to § 23:1061(A)(3) and immune from Nielsen's claims based on negligence because there was "a written contract between the principal [GPI] and a contractor [Konecranes] which [was] the employee's [Nielsen's] . . . statutory employer, which recognize[d] the principal [GPI] as a statutory employer."

The Court finds that it did not err when it found that it was disputed whether an oral contract existed between Konecranes and CAI. In his Response to GPI's Motion for Summary Judgment, Nielsen stated that:

- "No person subcontracted with any other person in connection with the work being performed . . . at GPI."

- "Since there is no contract between [CAI] and Konecranes, GPI is not Nielsen's statutory employer."

- "There was no written agreement or contract of any nature or kind whatsoever between [CAI] and Konecranes."

- "Of utmost significance is the fact that there was no written agreement or contract of any nature whatsoever between [CAI] and Konecranes . . . . There was only a loose arrangement–oral practices and procedures–that were established between [CAI] and Konecranes."

[Doc. No. 26]. The fact that Nielsen "admitted" paragraph 16 of GPI's Statement of Material Facts[2] in his own Statement of Material Facts [Doc. No. 26-3] does not change this Court's Ruling. Nielsen has consistently maintained that there was only a "loose arrangement," a "loose agreement," or "oral practices and procedures" between Konecranes and CAI, not an oral contract. *See* [Doc. No. 26]. In light of the foregoing, it was not undisputed that an oral contract existed between Konecranes and CAI. Therefore, the Court did not err when it denied GPI's Motion for Summary Judgment.

However, the Court did err when it found that there was no genuine issue of material fact that an oral contract did not exist between Konecranes and CAI. In support of its argument that an oral contract existed between Konecranes and CAI, GPI submitted the following deposition testimony of Karen Durocher, an accounting manager at CAI:

---

[2]Paragraph 16 stated: "There was an oral agreement between Konecranes and [CAI] whereby Mr. Nielsen became a 'payroller' paid by Clayton after Konecranes provides [CAI] with Mr. Nielsen's time sheets." [Doc. No. 22-2].

Q.      Is there any written agreement between [CAI] and Konecranes . . . regarding Mr. Nielsen's work?

A.      No . . . .

Q.      Okay. But you do know that there is no written contract between Konecranes and [CAI]?

A.      That is correct.

Q.      What is the agreement – you know, I guess there can be oral contracts **or** there can be agreements between businesses. What is the agreement between [CAI] and Konecranes regarding Mr. Nielsen?

A.      Mr. Nielsen was a payroller and we paid him. That's the agreement. Whenever we're sent a time sheet, then we – we pay him . . . .

Q.      If I understood your response to counsel's earlier question, your employer, [CAI], had no written agreement or contract of any nature with Konecranes?

A.      Yes, that's correct.

Q.      So this was I guess what you would call some type of a loose arrangement, oral practices and procedures that were just established between the company and this client? . . .

A.      Yes, yes.

Q.      Nothing in writing that sets forth responsibilities one to the other?

A.      Correct, yes.

Q.      And when you talk about this mark-up, as you described it, of 25 percent or whatever employees pay is involved, that is something that was done as a matter of a loose agreement between your company and Konecranes?

A.      Yes.

[Doc. No. 26-2]. After reexamining Durocher's testimony and interpreting her testimony in a light most favorable to GPI, the Court finds a genuine issue of material fact whether Konecranes entered into an oral contract with CAI. Durocher's testimony is ambiguous about whether Konecranes

4

entered into a contract with CAI. While Durocher testified that there was a "loose arrangement" and "oral practices and procedures" between Konecranes and CAI, she also testified that there was a "loose agreement" and an "agreement" between Konecranes and CAI. Such testimony is enough to create a genuine issue of material fact whether an oral contract existed between Konecranes and CAI. Therefore,

IT IS ORDERED that GPI's Motion for Reconsideration [Doc. No. 43] is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent that there remains a genuine issue of material fact whether Konecranes entered into an oral contract with CAI. The motion is DENIED to the extent that the Court did not err when it denied GPI's Motion for Summary Judgment [Doc. No. 24].

IT IS FURTHER ORDERED that Nielsen's Cross Motion for Partial Summary Judgment [Doc. No. 30] is DENIED.

MONROE, LOUISIANA, this _7_ day of January, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE